IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MORRIS FUCHS, et al., | § | |
| | § | No. 281, 2015 |
| Plaintiffs Below-Appellants, | § | |
| | § | Court Below: Court of Chancery |
| v. | § | of the State of Delaware, |
| | § | in and for Kent County |
| WREN HOLDINGS, LLC, JAVVA | § | C.A. No. 3940-VCN |
| PARTNERS, LLC, CAMERON | § | |
| FAMILY PARTNERSHIP, L.P., | § | |
| CATALYST INVESTORS, L.P., | § | |
| CHRISTOPHER SHIPMAN, ANDREW | § | |
| T. DWYER, DORT A. CAMERON, III, | § | |
| HOWARD KATZ, and TROY | § | |
| SNYDER, | § | |
| | § | |
| Defendants Below-Appellees. | § | |

Submitted: December 9, 2015
Decided: December 11, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices, constituting the Court *en Banc*.

**O R D E R**

This 11th day of December 2015, upon consideration of the parties' briefs, the record below, and oral argument, it appears to the Court that:

In this case, the Court of Chancery had to apply a challenging body of law in a hotly contested matter.[1]  No party has asked us to overturn any prior decision; they solely challenge the Court of Chancery's determinations of law under existing

---

[1] For example, the Court of Chancery addressed three times whether the plaintiffs' central claim was direct or derivative under *Gentile v. Rossette*, 906 A.2d 91 (Del. 2006).

precedent, its determinations of fact, and its exercise of remedial discretion. After careful review, we conclude that the Court of Chancery made no error of law, made no determination of fact not supported by the record, and committed no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the September 4, 2014 judgment of the Court of Chancery is AFFIRMED.[2]

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[2] *In re Nine Sys. Corp. S'holders Litig.*, 2014 WL 4383127 (Del. Ch. Sept. 4, 2014).